**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| CHARLES S. MASON, | ) | NO. ED CV 08-240-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PROCEEDINGS**

Plaintiff filed a complaint on February 28, 2008, seeking review of the Commissioner's denial of benefits. The parties filed a "Consent to Proceed Before a United States Magistrate Judge" on June 30, 2008. Plaintiff filed a motion for summary judgment on August 7, 2008. Defendant filed a motion for summary judgment on September 8, 2008. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed February 29, 2008.

///

page 2

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserted disability based primarily on alleged chronic fatigue syndrome and alleged depression (Administrative Record ("A.R.") 11-708). Following two previous remands, the Administrative Law Judge ("ALJ") examined the record and heard testimony from Plaintiff and from a vocational expert (A.R. 617-708).

The ALJ determined that Plaintiff "has an extremely questionably severe physical impairment from a diagnosis of chronic fatigue syndrome and depressive disorder," but retains "the residual functional capacity to perform sedentary work except he must be able to lie down during lunch break. The claimant is able to perform simple, repetitive tasks with no hypervigilence and no fast-paced work" (A.R. 619-20). In reliance on the testimony of a vocational expert, the ALJ concluded there exist significant numbers of jobs Plaintiff can perform (A.R. 624-25). The ALJ incorporated by reference the two prior administrative decisions and supplemented those decisions with seven pages of findings and analyses (A.R. 619-25).

**SUMMARY OF PLAINTIFF'S CONTENTIONS**

Plaintiff contends:

(1) "The ALJ erred by failing to properly consider the lay witness testimony" of Plaintiff's wife (Plaintiff's Motion at 2); and

2

1       (2)   "The ALJ erred by failing to pose a complete hypothetical
2       question to the vocational expert" (Plaintiff's Motion at 4).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used proper legal standards. See DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991); Swanson v. Secretary of Health and Human Serv., 763 F.2d 1061, 1064 (9th Cir. 1985). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted).

This Court "may not affirm [the Administration's] decision simply by isolating a specific quantum of supporting evidence, but must also consider evidence that detracts from [the Administration's] conclusion." Ray v. Bowen, 813 F.2d 914, 915 (9th Cir. 1987) (citation and quotations omitted). However, the Court cannot disturb findings supported by substantial evidence, even though there may exist other evidence supporting Plaintiff's claim. See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir. 1973), cert. denied, 417 U.S. 933 (1974); Harvey v. Richardson, 451 F.2d 589, 590 (9th Cir. 1971).

///
///
///
///

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied. The Administration's findings are supported by substantial evidence and are free from material[1] legal error.

**I.  The ALJ Did Not Commit Material Error in Relation to the Statements of Plaintiff's Wife.**

Plaintiff's wife made certain written statements concerning her observations of Plaintiff's activities or lack thereof (A.R. 454-62). Plaintiff contends that the present ALJ and the prior ALJ both failed to review these statements, and that such failure was not harmless (Plaintiff's Motion at 2-3). Plaintiff's contentions lack merit.

One of the prior ALJ's decisions specifically discusses the written statements made by Plaintiff's wife (A.R. 377). The present ALJ incorporated by reference the prior ALJ's decisions. Contrary to Plaintiff's assertion, there is nothing *per se* improper about incorporating prior administrative decisions by reference. See, e.g., Musall v. Chater, 1996 WL 200415, at *5 (W.D.N.Y. Apr. 2, 1996).

///
///

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1991); see also Batson v. Commissioner, 359 F.3d 1190, 1196 (9th Cir. 2004); Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

1  Plaintiff is correct that the Administration must consider lay
2 witnesses' reported observations of a claimant and can reject the
3 alleged observations only by giving "reasons germane" to the lay
4 witness whose observations the Administration rejects. See
5 Regennitter v. Commissioner, 166 F.3d 1294, 1298 (9th Cir. 1999);
6 Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996). A conflict with
7 the medical evidence, for example, can be a "germane reason" to reject
8 the observations of a lay witness. See Lewis v. Apfel, 236 F.3d 503
9 (9th Cir. 2001).

11  The prior ALJ properly rejected the wife's observations to the
12 extent the claimant contended that the observations reflected
13 disability (A.R. 377). The prior ALJ discussed the wife's
14 observations, but reasonably determined that the record, including the
15 record of Plaintiff's activities, did not support the conclusion
16 Plaintiff cannot work "when he is motivated to do so" (A.R. 377).
17 This determination was reasonable. See generally Andrews v. Shalala,
18 53 F.3d 1035, 1039-40 (9th Cir. 1995) (where the evidence "admits of
19 more than one rational interpretation," the Court must uphold the
20 administrative decision).

22  Alternatively, any error in connection with the wife's
23 statements was harmless. Even fully crediting the wife's statements
24 would not cause a reasonable ALJ to reach a different disability
25 determination on the present record. See generally Stout v.
26 Commissioner, 454 F.3d 1050, 1056 (9th Cir. 2006) (discussing harmless
27 error standard applicable to the evaluation of lay witness testimony).
28 The wife's statements concern her observations of Plaintiff's

activities or lack thereof.  The essential question before the Administration was not whether Plaintiff had adopted an inactive lifestyle in some respects, but rather whether Plaintiff's "extremely questionably severe" chronic fatigue syndrome and depressive disorder compelled him to do so.  The wife's observations concerning Plaintiff's activities or lack thereof were not particularly probative of the essential question before the Administration.  As the former ALJ put it, "assertions of lying down almost all day may be the lifestyle adopted by the claimant but it is not required by any impairment documented in this record . . ." (A.R. 16).

## II. The ALJ Did Not Err in the Hypothetical Questioning of the Vocational Expert.

Plaintiff appears to argue that the hypothetical questioning should have included more significant fatigue-related limitations than the limitations included in the questioning.  This argument lacks merit.

Hypothetical questions posed to a vocational expert need not include all conceivable limitations that a favorable interpretation of the record might suggest to exist – only those limitations the ALJ finds to exist.  See, e.g., Bayliss v. Barnhart, 427 F.3d 1211, 1217-18 (9th Cir. 2005); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); Magallanes v. Bowen, 881 F.2d 747, 756-57 (9th Cir. 1989); Martinez v. Heckler, 807 F.2d 771, 773-74 (9th Cir. 1986).  Here, the hypothetical question posed to the vocational expert included all limitations the ALJ found to exist (A.R. 620, 706).  No material error

occurred.[2]

**CONCLUSION**

For all of the reasons discussed herein, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 11, 2008.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2] To the extent Plaintiff questions why the ALJ included a need to lie down during a lunch break in the hypothetical questioning, Plaintiff has failed to demonstrate any material error. As Defendant aptly states, "[s]uch a limitation did not prejudice Plaintiff, and as the ALJ explained, Plaintiff's RFC was meant to generously consider Plaintiff's alleged symptoms within the delineated residual functional capacity" (Defendant's Motion at 6).